IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE LAMONT BURGESS,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | No.  2:22-CV-0573-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

        Petitioner, a prisoner proceeding pro se, brings this civil action, which has been entered on the Court's docket as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

        Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that Petitioner is not entitled to federal habeas relief.

        Petitioner initiated this action with a filing entitled "Libel of Review Answer of Dwayne Lamont Burgess, Motion for Relief From Judgement FRCP Rule 60(a)(b) In Re Libelants' Fraudulent Conveyance of Real Property and Cestui Que Vie Trust of Dwayne Lamont Burgess."  ECF No. 1.  Shortly after submitting this filing, Petitioner filed a document entitled "Temporary Restraining Order In Lieu of Writ of Attachment."  ECF No. 8.  Most recently,

Petitioner filed a document entitled "Claimant's Motion for Summary Judgement and Demand for Judgement Pursuant to FRCP Rule 56 & 54(c)."  ECF No. 15.  Throughout these filings, Petitioner appears to complain about the confiscation of money and/or property in the context of a state court criminal action.  See e.g. ECF No. 1.  Habeas corpus is the exclusive remedy for a prisoner challenging the fact or duration of a state court conviction seeking immediate or speedier release.  See Heck v. Humphrey, 512 U.S. 477, 481 (1994).  Property-related claims are not within the scope of the writ of habeas corpus.  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); see also In re Hill, 2005 WL 613262, at *1 (D.C. Cir. 2005).

   Indeed, courts in every circuit have held that property claims cannot be raised in habeas. See, e.g., Whiting v. United States, No. 97-2033, 1998 WL 1281294 at *2 (1st Cir. June 26, 1998) (concluding that "the district court understandably dismissed the motion [seeking return of property] without prejudice on the ground that it was not cognizable in a habeas proceeding") (unpublished); Anaya v. Smith, No. 3:11CV779, 2014 WL 315277 at *27 n.7 (N.D. Ohio Jan. 28, 2014) (holding that claim challenging the seizure of property "is not cognizable on federal habeas review"); Weaver v. Sanders, No. CV 13-3269-FMO (JPR), 2013 WL 2147806 at *1-2 (C.D. Cal. May 16, 2013) (dismissing habeas claim brought by inmate seeking to "get his property back or receive the fair value of it"); Nance v. Heley, No. 11–CV–1173 (ARR), 2012 WL 2953740 at *2 (E.D.N.Y July 19, 2012) (concluding that "Petitioner's claim to recover his personal property is not cognizable under habeas review"); Buchanan v. Johnson, 723 F. Supp. 2d 722, 726-27 (D. Del. 2010) ("Considering that the instant proceeding is one for federal habeas relief, the court does not have the authority to order the return of petitioner's property."); Hall v. Norris, No. 09-CV-4078, 2010 WL 5071201 at *1 (W.D. Ark. Dec. 9, 2010) ("Because Petitioner's claim for relief seeks the return of forfeited property, it is not cognizable in a federal habeas corpus proceeding. Reasonable jurists would not find this conclusion debatable."); Veal v. Superintendent, No. 3:08-CV-3-TS, 2009 WL 4799935 at *2 (N.D. Ind. Dec. 8, 2009) ("Finally, Veal alleges that there was approximately $400 worth of personal property taken from his cell. This is in essence a state tort claim that is not cognizable in this habeas proceeding."); Starr v. Ward, No. 04- CV-0787-CVE-PJC, 2006 WL 2474914 at *1 (N.D. Okla. Aug. 25, 2006) ("The

Court finds that claims relating to Petitioner's dispute over personal property allegedly seized from Petitioner by Department of Corrections personnel are not cognizable in this habeas action."); Olajide v. United States Bureau of Immigration and Customs Enforcement, 402 F. Supp. 2d 688, 694-95 (E.D. Va. 2005) (dismissing immigration detainee's habeas claim alleging that "officials have stolen some of his personal property including his money and luggage"); Bowen v. United States, No. 7:05-CV-37 (CDL), 2005 WL 1676668 at *2 (M.D. Ga. June 29, 2005) (dismissing habeas petition seeking return of currency because a "writ of habeas corpus is not the proper vehicle for the type of relief petitioner seeks"); Turner v. Johnson, 46 F. Supp. 2d 655, 675-76 (S.D. Tex. 1999) (holding that "a petition for a writ of habeas corpus is an improper method to raise" a claim that a "typewriter and other personal property were confiscated, lost, or destroyed by prison officials"); Ronson v. Drohan, No. 89-CIV-7842 (RWS), 1990 WL 128925 *1 (S.D.N.Y. Aug. 28, 1990) (holding that inmate's claims that "he was wrongfully deprived of property by the State is not considered here, as it is not cognizable by a habeas court"); Fayerweather v. Bell, 447 F. Supp. 913, 915 (M.D. Pa. 1978) (dismissing inmate's habeas claim brought under 28 U.S.C. § 2241 "for willful and wrongful taking of his personal property").

Based on the foregoing, the undersigned recommends that this action be summarily dismissed and that all pending motions/requests, ECF Nos. 1, 8, 10, 11, and 15, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 14, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE