1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   DWAYNE LAMONT BURGESS,                No.  2:22-cv-00573-DAD-DMC (HC)

12                 Petitioner,

13        v.                               ORDER ADOPTING FINDINGS AND
                                           RECOMMENDATIONS AND DISMISSING
14   PEOPLE OF THE STATE OF                HABEAS PETITION
     CALIFORNIA,
15                                         (Doc. Nos. 1, 8, 10, 11, 15, 17, 19)
                   Respondent.
16

17        Petitioner Dwayne Lamont Burgess is a state prisoner proceeding *pro se* and *in forma*

18   *pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was

19   referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

20   302.

21        On September 14, 2022, the assigned magistrate judge issued findings and

22   recommendations recommending that petitioner's federal habeas petition be summarily dismissed

23   for lack of jurisdiction because "[p]etitioner appears to complain about the confiscation of money

24   and/or property in the context of a state court criminal action," and "[p]roperty-related claims are

25   not within the scope of the writ of habeas corpus."  (Doc. No. 17 at 2.)  The pending findings and

26   recommendations were served upon petitioner and contained notice that any objections thereto

27   were to be filed within fourteen (14) days after service.  (*Id.* at 3.)  On October 3, 2022, petitioner

28   filed objections to the pending findings and recommendations.  (Doc. No. 20.)

                                        1

1    Petitioner's objections are rambling and difficult to decipher.  Though not entirely clear, it

2    appears that petitioner seeks to invoke "admiralty" jurisdiction in this court.  (*Id.* at 3.)  However,

3    even if petitioner's property claims arise under admiralty and maritime law, they still cannot form

4    the basis for any cognizable claim for federal habeas relief.  As the magistrate judge explained in

5    the pending findings and recommendations, federal habeas actions are brought by prisoners

6    challenging the fact or duration of a state court conviction, not prisoners asserting property-

7    related claims.  (Doc. No. 17 at 2.)  Accordingly, petitioner's objections provide no basis upon

8    which to reject the pending findings and recommendations.

9    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

10   *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's

11   objections, the court concludes that the pending findings and recommendations are supported by

12   the record and proper analysis.

13   Having concluded that the pending petition must be dismissed, the court also declines to

14   issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute

15   right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*

16   *Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may

17   only issue a certificate of appealability when a petitioner makes a substantial showing of the

18   denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas

19   relief on procedural grounds without reaching the underlying constitutional claims, the court

20   should issue a certificate of appealability "if jurists of reason would find it debatable whether the

21   petition states a valid claim of the denial of a constitutional right and that jurists of reason would

22   find it debatable whether the district court was correct in its procedural ruling."  *Slack v.*

23   *McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists

24   would not find the court's determination that the pending petition must be dismissed to be

25   debatable or wrong.  Thus, the court declines to issue a certificate of appealability.

26   Accordingly,

27   1.    The findings and recommendations issued on September 14, 2022 (Doc. No. 17)

28          are adopted in full;

2.      The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

3.      Petitioner's pending motions and requests (Doc. Nos. 8, 10, 11, 15, 19) are denied as having been rendered moot by this order;

4.      The court declines to issue a certificate of appealability; and

5.      The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 22, 2022**

_____
UNITED STATES DISTRICT JUDGE