UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE LAMONT BURGESS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | No. 2:22-cv-00573-DAD-DMC (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 31) |

　　　　Petitioner Dwayne Lamont Burgess is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On November 23, 2022, the undersigned issued an order adopting the assigned magistrate judge's findings and recommendations (Doc. No. 17) and dismissing this action due to petitioner's failure to state a cognizable claim for federal habeas relief. (Doc. No. 25.) On January 30, 2023, petitioner filed the pending motion for reconsideration of the court's November 23, 2022 order. (Doc. No. 31.)

　　　　Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has

1

been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, petitioner's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order.  Petitioner does not contest the substance of the court's November 23, 2022 order or the court's decision to dismiss his petition for writ of habeas corpus.  Rather, in his single-page motion, petitioner merely lists a few purported reasons that his motion for reconsideration is based on, including that "judgment has been satisfied" and "judgments discharged." (Doc. No. 31 at 1.)  But none of petitioner's reasons have any bearing on the pending motion for reconsideration.  Accordingly, petitioner has not articulated any basis for the court to reconsider its November 23, 2022 order.

Accordingly,

1. Petitioner's motion for reconsideration (Doc. No. 31) is denied;

2. This case shall remain closed; and

3. No further filings will be entertained by the court in this closed case.

IT IS SO ORDERED.

Dated:   **February 13, 2023**                                  _____
                                                                                              UNITED STATES DISTRICT JUDGE

2